*1316 OPINION.
Trammell:
The petitioner takes the position in this case that it is a corporation which comes within the scope of section 231 (7) of the Revenue Acts of 1918 and 1921, which is as follows:
Business leagues, chambers of commerce or boards of trade not organized for profit and no part of the net earnings of which inures to the benefit of any private stockholder or individual.
In our opinion, however, the petitioner does not come within the meaning of the above-quoted section of the statute. In this case the corporation was not one of the kind ordinarily organized for the purpose of carrying on business for profit, but was actually carrying on a business for profit. We see no similarity between a business ieague, chamber of commerce, or board of trade and this corporation. See Uniform Printing & Supply Co., 9 B. T. A. 251. It is our opinion, therefore, that the petitioner is not exempt from taxation.
This brings us to the question as to whether the so-called refunds made to the stockholders during the taxable years which were disallowed as deductions by the respondent, constitute earnings and profits of the corporation.
Article VIII of the by-laws of the corporation quoted above, provides that before the payment of any dividend or making any distribution of profits there shall be set aside out of the net profits of the corporation such sum or sums as the directors may in their discretion consider proper as a reserve fund or for such purposes as the directors shall think conducive to the best interests of the corporation. In our opinion these so-called refunds, which were not actually distributed to the stockholders but were retained, were a part of the profits of the corporation which were set aside as provided in that article of the by-laws.
The taxpayer contends that these amounts were first distributed to the stockholders and then voluntarily refunded to the corporation. In our opinion the evidence does not warrant this conclusion. There is nothing in the record to indicate that these amounts were actually credited to the stockholders or that they had the unqualified use thereof at any time. The corporation simply retained the amounts. There were certain resolutions passed which might lend support to the petitioner’s contention as for'instance, the resolution passed December 20, 1920, above quoted, which provided that it was decided to reduce the prices charged to stockholders and to ask the *1317 stockholders to voluntarily contribute the difference to the voluntary burglary insurance fund. These resolutions, however, are not sufficient to show that the amounts were ever actually paid to the stockholders or credited to them. If, however, the amounts were actually paid to the stockholders and ivere refunded to the corporation, we are not convinced, even under that state of facts, that the amounts were not distributions of profits and the profits are taxable to the corporation in the years in which earned or received, regardless of the fact that the corporation afterwards distributed them. This question, however, we are not deciding. We will merely decide the question presented to us and that is, that the particular amounts here involved were earnings and profits of the corporation. The respondent did not include as a part of the earnings and profits of the petitioner amounts actually distributed to the stockholders but only the amounts which the corporation did not actually distribute but retained, and this is the only question we are called upon to decide.

Judgment will be entered under Rule 50.